**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HABNAB TRANSPORTATION, INC.        :   CIVIL ACTION NO.      05 - 375
                           *Plaintiff,*        :
              v.                                  :
US TRANSPORTATION SERVICES, INC.:
and US BULK TRANSPORT, INC.,        :
and/or U.S. BULK TRANSPORT IC, INC. :
                        *Defendants.*        :

## COMPLAINT

Plaintiff, HabNab Transportation, Inc. (hereinafter "HabNab"), by and through its attorneys, Rawle & Henderson LLP avers as follows:

1.    Plaintiff, HabNab is a Delaware corporation organized and existing under the laws of the state of Delaware with its principal address located in Seaford, Delaware.

2.    Defendant, US Transportation Services, Inc. (hereinafter "US Transportation"), is a Pennsylvania corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 205 Pennbriar Drive, Erie, Pennsylvania.

3.    Defendant, US Bulk Transport, IC Inc. (hereinafter "US Bulk"), is a Pennsylvania corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 3230 W. Lake Road, Erie, Pennsylvania.

4.    Defendant, US Bulk Transport, Inc. (hereinafter "US Bulk, IC ") is a Pennsylvania corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 205 Pennbriar Drive, Erie, Pennsylvania.

1142705 v.1

## JURISDICTION

5.  Jurisdiction of this matter is premised upon 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy is in excess of $75,000.

## COUNT I

6.  At all times material hereto HabNab, is and was a bulk carrier and broker duly licensed as a contract carrier and broker with the DOT under permit No. MC246436

7.  At all material times hereto, US Transportation is and was a DOT licensed broker under permit number MC-33831B

8.  On or about December 2000, in the City of Erie, County of Erie, Commonwealth of Pennsylvania, Plaintiff and US Transportation entered into an agreement whereby Plaintiff agreed to transport commodities by motor vehicle between designated points.

9.  As part of the agreement, US Transportation agreed to pay the freight charges to the plaintiff for each shipment within 30 days from receipt of the invoice, original bill of lading and other documentation required by the aforementioned agreement.

10. From January 2005 to April 2005, over 117 shipments were brokered by Plaintiff.

11. These shipments have been invoiced from January 11, 2005 to April 14, 2005 and the required documentation was sent to US Transportation.

12. The total freight charges for the 117 shipments is $90,957.37.

13. US Transportation is liable to plaintiff for the agreed upon freight charges in the amount of $90,957.37.

14. US Transportation has not paid any part of such sum.

15. Plaintiff has performed all conditions of the contract on its part to be performed for these shipments.

16. Despite repeated attempts to collect these freight charges, US Transportation has refused to make payments and has continued to refuse to make the payments.

**WHEREFORE**, the plaintiff demands judgment against US Transportation in the amount of $90,957.37, plus interests, costs, attorney fees and any other relief as the Court deems just and equitable.

## COUNT II

17. Plaintiff re-alleges the allegations in paragraphs 1 through 13 as though the same were set forth fully herein.

18. On or about December, 2000, US Transportation contacted plaintiff at its business in Seaford, DE and spoke with Plaintiff's president Michael Hubbard.

19. US Transportation explained the nature of its business as a broker which arranged for transportation of freight for a commission.

20. US Transportation guaranteed prompt payment of freight charges for delivered shipments.

21. Based upon the representations made, plaintiff entered into the Agreement.

22. As set forth previously, US Transportation has willfully failed and refused to pay for shipments delivered under this agreement from January 2005 to April 2005.

23. The services provided are covered within the scope of the Consumer Fraud Act, 6 Del. C. § 2511 *et. seq.*

24. By engaging in the above conduct, US Transportation committed an unconscionable commercial practice, deception, fraud, falsity or misrepresentation in

connection with its services in that US Transportation knew the size of Plaintiff's operation and that it needed assurances of prompt payment.

25. Further, US Transportation's conduct has violated the Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq*.

26. US Transportation has repeatedly made false and misleading statements of fact concerning the reasons for withholding payments and/or price reductions.

27. US Transportation has engaged in conduct which has created confusion and misunderstanding.

28. US Transportation knowingly has concealed, suppressed and/or omitted material facts with intent to have Plaintiff rely upon such suppression, concealment or omission to plaintiff's detriment in that US Transportation knew plaintiff would not have entered into the agreement or made deliveries for subsequent shipments if it would not receive compensation.

29. As a result of US Transportation's conduct plaintiff has:

   a) lost money;

   b) injured relationships with other business entities; and

   c) if defendant's actions continue, plaintiff will suffer irreparable injury.

**WHEREFORE**, plaintiff demands judgment against US Transportation for compensatory damages, treble damages, reasonable attorney fees and costs and any other further relief as the court deems just and equitable.

## COUNT III

30. Plaintiff re-alleges the allegations in paragraphs 1 through 26 as though the same were set forth fully herein.

31. US Transportation has engaged in unconscionable acts or practices and unfair and deceptive practices in violation of Florida Statute 501.2404.

32. US Transportation knew or should have known its conduct was deceptive and prohibited.

33. The services provided by plaintiff are covered within the scope of Florida Statute 501.2404.

**WHEREFORE**, plaintiff demands judgment against US Transportation for compensatory damages, costs, reasonable attorney fees and any other relief as the court deems just and equitable.

## COUNT IV

34. Plaintiff re-alleges the allegations in paragraphs 1 through 30 as though the same were set forth fully herein.

35. In addition to the aforementioned contract, on or about December 11, 2000, plaintiff entered into a separate agreement with U.S. Transportation. (See attached Exhibit A)

36. This agreement provided that plaintiff would retain as a broker US Transportation to arrange for the delivery of shipments of plaintiff's customer's goods.

37. Pursuant to paragraph 11 of this separate agreement, US Transportation agreed not to solicit traffic from any of plaintiff's shippers, consignees or customers.

38. Despite this agreement, US Transportation since April 2005 has solicited business and has obtained business from plaintiff's customers, shippers and consignees.

39. US Transportation agreed to pay to plaintiff the same compensation that plaintiff would have earned absent the solicitation.

WHEREFORE, plaintiff demands judgment against US Transportation for compensatory damages, costs, reasonable attorney fees and any other relief as the court deems just and equitable.

## COUNT V

40. At all times material hereto, HabNab is and was a bulk carrier and broker duly licensed as a contract carrier and broker with the DOT under permit No. MC246436

41. At all material times hereto, US Bulk and/or US BULK, IC is and was a DOT licensed broker.

42. Plaintiff and US Bulk and/or US Bulk, IC entered into an agreement for the transportation of goods of customers of US Bulk and/or US Bulk, IC .

43. Plaintiff agreed to transport by motor vehicle between designated points commodities for US Bulk and/or US Bulk, IC's customers.

44. As part of the agreement, US Bulk and/or US Bulk, IC agreed to pay the freight charges to plaintiff for each shipment within 30 days from receipt of the invoice, original bill of lading and other documentation required by the agreement.

45. From January 2005 to April 2005 over 117 shipments were brokered by Plaintiff.

46. These shipments have been invoiced from January 11, 2005 to May 31, 2005 and the required documentationwas sent to US Bulk and/or US Bulk, IC.

47. The total freight charges for the shipments are $25, 695.45.

48. US Bulk and/or US Bulk, IC is liable to plaintiff for agreed upon freight charges in the amount of $25, 695.45

49. US Bulk and/or US Bulk, IC has not paid any part of such sum.

50.    Plaintiff has performed all conditions of the agreement on its part to be performed for these shipments.

51.    Despite repeated attempts to collect these freight charges, US Bulk and/or US Bulk, IC has refused to make payments and has continued to refuse to make the payments.

**WHEREFORE**, plaintiff demands judgment against US TransportationUS Bulk and /or US Bulk IC in the amount of $25,695.45, plus interests, costs, attorney fees and any other relief as the court deems just and equitable.

## COUNT VI

52.    Plaintiff re-alleges the allegations in the paragraphs 1 through 48 as though the same were set forth fully herein.

53.    US Bulk and/or US Bulk, IC contacted plaintiff at its business in Seaford, DE and spoke with Plaintiff's president Michael Hubbard.

54.    US Bulk and/or US Bulk, IC explained the nature of its business as a broker which arranged for transportation of freight for a commission.

55.    US Bulk and/or US Bulk, IC guaranteed prompt payment of freight charges for delivered shipments.

56.    Based upon the representations made, plaintiff entered into an Agreement.

57.    As set forth previously, US Bulk and/or US Bulk, IC has willfully failed and refused to pay for shipments delivered under this Agreement from January 2005 to April 2005.

58.    The services provided are covered within the scope of the Consumer Fraud Act, 6 Del. C. § 2511 *et. seq.*

59. By engaging in the above conduct, US Bulk and/or US Bulk, IC committed an unconscionable commercial practice, deception, fraud, falsity or misrepresentation in connection with its services in that US Bulk and/or US Bulk, IC knew the size of plaintiff's operation and that it needed assurances of prompt payment.

60. Further, US Bulk and/or US Bulk, IC's conduct has violated the Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq.*

61. US Bulk and/or US Bulk, IC has repeatedly made false and misleading statements of fact concerning the reasons for withholding payment and/or price reductions.

62. US Bulk and/or US Bulk, IC has engaged in conduct which has created confusion and misunderstanding.

63. US Bulk and/or US Bulk, IC knowingly has concealed, suppressed and/or omitted material facts with the intent to have plaintiff rely upon such suppression, concealment or omission to plaintiff's detriment in that US Bulk and/or US Bulk, IC knew plaintiff would not have entered into the contract or made deliveries for subsequent shipments if it would not receive compensation.

64. As a result of US Bulk and/or US Bulk, IC's conduct, plaintiff has:

   a) lost money;

   b) injured relationships with other business entities; and

   c) if defendant's actions continue plaintiff will suffer irreparable injury.

**WHEREFORE**, plaintiff demands judgment against US Bulk and/or US Bulk, IC for compensatory damages, treble damages, reasonable attorney fees and costs and any other further relief as the court deems just and equitable.

1142705 v.1

## COUNT VII

65. Plaintiff re-alleges the allegations in paragraphs 1 through 61 as though the same were set forth fully herein.

66. US Bulk and/or US Bulk, IC has engaged in unconscionable acts or practices and unfair and deceptive practices in violation of 73 P.S. § 201 *et seq.*

67. US Bulk and/or US Bulk, IC knew or should have known its conduct was deceptive and prohibited.

68. US Bulk and/or US Bulk, IC has repeatedly made false and misleading statements of fact concerning the reasons for withholding payment and/or price reductions.

69. US Bulk and/or US Bulk, IC has repeatedly made false, disparaging and misleading statements of fact concerning the services provided by plaintiff.

70. US Bulk and/or US Bulk, IC has engaged in fraudulent or deceptive conduct which has created the likelihood of confusion and misunderstanding.

71. US Bulk and/or US Bulk, IC knowingly has concealed, suppressed and/or omitted material facts with the intent to have Plaintiff to rely upon such suppression, concealment or omission to plaintiff's detriment in that US Bulk and/or US Bulk, IC knew plaintiff would not have entered into the contract or made deliveries for subsequent shipments if it would not receive compensation.

72. As a result of US Bulk and/or US Bulk, IC's conduct, plaintiff has:

   a) lost money;

   b) injured relationships with other business entities; and

   c) if defendant's actions continue plaintiff will suffer irreparable injury.

**WHEREFORE**, Plaintiff demands judgment against US Bulk and/or US Bulk, IC for compensatory damages, treble damages, reasonable attorney fees and costs and any other further relief as the court deems just and equitable.

RAWLE & HENDERSON LLP

Date_____6/1/05_____

_____
Delia Clark(3337)
300 Delaware Avenue, Suite 1015
Wilmington, DE 19809
(302) 778-1200

1142705 v.1