## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HABNAB TRANSPORTATION, INC. | : | |
| | : | Civil Action No. 05-375 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| US TRANSPORTATION SERVICES, | : | |
| INC., and US BULK TRANSPORT, INC. | : | |
| and/or U.S. BULK TRANSPORT IC., INC. | : | |
| | : | |
| Defendants. | : | |

## BRIEF IN SUPPORT OF DEFENDANTS', U.S. TRANSPORTATION SERVICES, US BULK TRANSPORT, INC., AND U.S. BULK TRANSPORT IC, INC. MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

Dated: August 25, 2005

EDWARDS & ANGELL, LLP
Denise Seastone Kraft (DE I.D. 2778)
Mark D. Olivere (DE. I.D. 4291)
919 Market Street, Suite 1500
Wilmington, DE 19801
(302) 777-7770
(302) 777-7263 (facsimile)
dkraft@edwardsangell.com
molivere@edwardsangell.com

**TABLE OF CONTENTS**

I.   INTRODUCTION...................................................................................................... 1

II.  FACTUAL BACKGROUND ...................................................................................... 2

    A. Claims Against US Transportation ....................................................................... 2

        1.   US Transportation Agreement I............................................................... 2

        2.   US Transportation Agreement II ............................................................. 3

    B. Claims Against US Bulk and US Bulk Transport .................................................. 3

III. STANDARD OF REVIEW ........................................................................................ 4

    A. Motion to Dismiss ............................................................................................... 4

    B. More Definitive Statement .................................................................................. 5

IV.  ARGUMENT ............................................................................................................ 5

    A. Counts II and VI of the Complaint Must Be Dismissed Because the Plaintiff Lacks
    Standing to Assert a Claim for Violation of the Delaware Consumer Fraud Act
    Because There are no Allegations of Transactions in Delaware in Which Plaintiff was
    a Consumer ............................................................................................................. 5

        1.   Plaintiff has not Alleged that it was a Consumer.................................... 5

        2.   No Consumer Acts Alleged to Have Occurred in Delaware ................... 6

    B. Counts II and VI of the Complaint Must Be Dismissed Because the Plaintiff Lacks
    Standing to Assert a Violation of the Delaware Deceptive Trade Practices Act............ 7

        1.   No Competition Status Alleged by Plaintiff in the Complaint .......................... 7

        2.   Attorney's Fees and Costs Should be Awarded to Defendants ......................... 8

        C.   The Complaint Must Be Dismissed Because Plaintiff Lacks Standing to Assert
        Violations of The Florida and Pennsylvania Unfair Trade Practices and Consumer
        Protection Laws ......................................................................................... 9

    1. The Florida Act ................................................................................................. 9

    a. No Such Florida Statute as Alleged by Plaintiff in the Complaint ........................... 9

    b. Plaintiff has not Alleged that it was a Consumer .................................................... 9

    c. No Florida Acts Alleged by Plaintiff in the Complaint.......................................... 11

    d. If the Plaintiff is Found to have Standing as a Consumer, Defendants Request a
    Bond........................................................................................................................ 11

    2. The Pennsylvania Act....................................................................................... 12

        a.   Plaintiff has not Alleged that it was a Consumer............................... 12

        b.   No Pennsylvania Acts Alleged by Plaintiff in the Complaint .......................... 12

    D. Counts I, IV and V of the Complaint Must Be Dismissed Because Plaintiff Fails to
    Either Attach a Copy of The Alleged Agreement or Sufficiently Describe the
    Agreements ............................................................................................................ 12

    E. The Defendants Are Entitled To A More Definite Statement.................................. 14

V.   CONCLUSION ......................................................................................................... 16

WLM_502553_2/MOLIVERE

## TABLE OF CITATIONS

**Cases**

*Ayers v. Quillen*, 2004 WL 1965866 (Del. Super.).............................................................. 8

*Burgess v. Cahall, 88 F.Supp.2d* 319, 321 (D. Del. 2000) ............................................... 5

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)................................................................... 5

*Gemini Physical Therapy and Rehabilitation, Inc. v. State Farm Mut. Auto. Ins. Co.*, 40 F.3d 63,
     65 (3rd Cir. 1994)..................................................................................................... 12

*Goodrich v. E.F. Hutton Group, Inc.*, 542 A.2d 1200 (Del. Ch. 1988)............................. 6

*Grand Ventures, Inc. v. Whaley*, 632 A.2d 63, 67 (Del. 1993)..................................... 6, 8

*Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984);

*Kester Crosse v. BCBSD, Inc.*, 836 A.2d 492 (Del. 2003) .............................................. 8

*Martinez v. Rick Case Cars, Inc.*, 278 F.Supp.2d 1371 (S.D.Fla. 2003)........................ 10

*Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)* ....................5

*Pardo v. Nylcare Health Plans, Inc. (In re APF Co.)*, 274 B.R. 408 (Bankr. D. Del. 2001) ...... 14

*Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255 (3d Cir. 1994) ....................................5

*Pierce v. Montgomery County Opportunity Board, Inc.*, 884 F.Supp. 965 (E.D. Pa. March 31,
     1995) ...................................................................................................................... 13

*S&R Associates, L.P. v. Shell Oil Co.*, 725 A.2d 431, (Del. Super. Ct. 1998) .................... 8

*Shibata v. Lim*, 133 F.Supp.2d 1311 (M.D.Fla. 2000)....................................................10

*Tuckish v. Pompano Motor Co.*, 337 F.Supp.2d 1313 (S.D. Fla. 2004)......................... 10

*Urling v. Helms Exterminators, Inc.*, 468 So.2d 451 (App.1 Dist. 1985) ....................... 10

*VLIW Technology, LLC v. Hewlett-Packard Company*, 840 A.2d 606, 612 (Del. 2003)............ 13

*Wal-Mart Stores, Inc. v. AIG Life Insurance Co.*, 872 A.2d 611, 631 (Del. Ch. 2005) ............ 6, 7

*Willis v. City of Rehoboth Beach*, 2005 WL 1953028 (De. Super.) (citing *Grand Ventures, Inc. v.
     Whaley*, 632 A.2d 63, 70 (Del. 1993) ............................................................................ 6

*World Wrestling Federation Tournament, Inc. v. Bog Dog Holdings, Inc.*, 280 F.Supp.2d 413, 446
     (W.D.Pa. 2003) ......................................................................................................... 12


**Statutes**

Delaware Consumer Fraud Act, 6 Del. C. § 2511 *et seq* ..............................................1,2,4,5

Delaware Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq.* ...................................1,2,4,7

6 Del. C. § 2513(a).............................................................................................................6

6 Del. C. § 2532 ................................................................................................................7

6 Del. C. § 2533 ................................................................................................................8

Florida Statute 501.2404 ............................................................................................1,2,9,15

Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.201 ....................10

Fla. Stat. Ann. §§ 501.202 ...............................................................................................10

Fla. Stat. Ann. §§ 501.203 (7)...........................................................................................10

Fla. Stat. Ann. §§ 501.211 ...............................................................................................11

PA Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. § 201 ............1,4,12


**Rules**

Federal Rule of Civil Procedure 12(b)(6) .........................................................................1,4

Federal Rule of Civil Procedure 8(a).................................................................................4,13

Federal Rule of Civil Procedure 9(b)..................................................................................4

Federal Rule of Civil Procedure 12(e) ............................................................................1,5,14

## I.    **INTRODUCTION**

Pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, Defendants, U.S. Transportation Services, Inc. ("US Transportation"), US Bulk Transport, Inc. ("US Bulk"), and U.S. Bulk Transport IC, Inc. ("US Bulk Transport") (collectively the "Defendants"), by and through their undersigned counsel, respectfully submit this Brief in Support of Defendants' Motion to Dismiss or in the Alternative For a More Definite Statement and hereby move for dismissal of the above-captioned matter.

The multi-count Complaint alleges claims against the Defendants as follows:

(A)    Breach of Contract against US Transportation (Count I);

(B)    Violation of the Delaware Consumer Fraud Act, 6 Del. C. § 2511 *et seq.* against US Transportation (Count II);

(C)    Violation of the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq.* against US Transportation (Count II);

(D)    Violation of "Florida Statute 501.2404" against US Transportation (Count III);

(E)    Breach of Contract against US Transportation (Count IV);

(F)    Breach of Contract against US Transportation, US Bulk and/or US Bulk Transport (Count V);

(G)    Violation of the Delaware Consumer Fraud Act 6 Del. C. § 2511 *et seq.* against US Bulk and/or US Bulk Transport (Count VI);

(H)    Violation of the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq.* against US Bulk and/or US Bulk Transport (Count VI); and

(I)    Violation of Pennsylvania Statute 73 Pa. Stat. Ann. § 201 (Pennsylvania Unfair Trade Practices and Consumer Protection Law) against US Bulk and/or US Bulk Transfer (Count VII).

For all of the reasons set forth below, Plaintiff Habnab Transportation, Inc.'s ("Plaintiff" or "Habnab") Complaint should be dismissed with prejudice. Alternatively,

WLM_502553_2/MOLIVERE

because the allegations fail to provide basic information and are so general that Defendants cannot reasonably frame a responsive pleading, the Court should enter an order requiring a more definite statement of the allegations in the Complaint against the Defendants.

## II.   FACTUAL BACKGROUND

### A.   Claims Against US Transportation

#### 1.   US Transportation Agreement I

In Plaintiff's Complaint dated June 1, 2005 (the "Complaint"), Plaintiff alleges that it is a licensed bulk carrier and broker that entered into an "agreement" on or about December 2000 with US Transportation (the "US Transportation Agreement I"). *See* Complaint at ¶¶ 6, 8.   The Complaint does not plead whether US Transportation Agreement I is written, oral, express or implied.   Plaintiff further alleges that US Transportation agreed to pay invoiced freight charges for services performed by Plaintiff from January 2005, until April 2005, which Plaintiff alleges US Transportation has failed to pay. *See* Complaint at ¶¶ 9, 14, 16.   The invoices are not attached to the Complaint nor otherwise identified specifically.   Plaintiff alleges that US Transportation's failure to pay for the alleged invoiced services relating to US Transportation Agreement I constitutes:

    (a)    breach of contract (Count I);

    (b)    violation of the Delaware Consumer Fraud Act, 6 Del. C. § 2511 *et seq.* (Count II);

    (c)    violation of the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq.* (Count II); and

    (d)    violation of "Florida Statute 501.2404" (Count III).

### 2.    US Transportation Agreement II

Plaintiff also alleges that Plaintiff and US Transportation entered into a "contract" on or about December 11, 2000 (the "US Transportation Agreement II"). *See* Complaint at ¶ 35. The Complaint alleges that the US Transportation Agreement II contained a provision whereby US Transportation agreed "not to solicit traffic from any of plaintiff's shippers, consignees or customers." *See* Complaint at ¶ 37. Plaintiff alleges that in spite of the alleged US Transportation Agreement II, US Transportation breached the US Transportation Agreement II by soliciting business from Plaintiff's customers, shippers and consignees (Count IV). *See* Complaint at ¶ 38. Paragraph 35 of the Complaint cites to "Exhibit A" in reference to the US Transportation Agreement II, however, no such document or exhibit was either attached to the Complaint, served on Defendants or filed with this Court. *See* Complaint at ¶ 35. Further, the language of the alleged US Transportation Agreement II is not included in the Complaint. Despite numerous and repeated requests from Defendants' counsel to Plaintiff's counsel, no copy of the alleged US Transportation Agreement II or Exhibit A to the Complaint, as referenced in the Complaint, was ever provided.

### B.    Claims Against US Bulk and US Bulk Transport

The Complaint alleges that Plaintiff and US Bulk and/or US Bulk Transport entered into an agreement (the "US Bulk Agreement") for the transportation of goods by Plaintiff for US Bulk and/or US Bulk Transport (Count V). *See* Complaint at ¶¶ 40-42. Notably, the Complaint does not specify which entity – US Bulk or US Bulk Transport – entered into the agreements with Plaintiff. Further, the Complaint does not plead whether the US Bulk Agreement is written, oral, express or implied.

WLM_502553_2/MOLIVERE

Under the US Bulk Agreement, Plaintiff alleges it issued invoices which were never paid by US Bulk and/or US Bulk Transport. *See* Complaint at ¶¶ 45-50. Plaintiff alleges US Bulk and/or US Bulk Transport's failure to pay for the alleged invoiced services constitutes:

(a)    breach of contract (Count V)[1];

(b)    violation of the Delaware Consumer Fraud Act, 6 Del. C. § 2511 *et seq.* (Count VI);

(c)    violation of the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2531 *et seq.* (Count VI); and

(d)    violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. § 201 (Count VII).

As set forth below, the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Alternatively, because the allegations fail to provide basic information required under Rule 8(a) and Rule 9(b) and are so general that Defendants cannot reasonably frame a responsive pleading, the Court should enter an order requiring a more definite statement of the allegations in the Complaint against the Defendants pursuant to Rule 12(e).

## III.    STANDARD OF REVIEW

### A.    Motion to Dismiss

In considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all of the allegations pled in the complaint and view the facts in the pleadings and all reasonable inferences in favor of the Plaintiff, the non-moving party.

---

[1] Count V demands judgment against US Transportation, US Bulk and / or US Bulk Transport in the "Wherefore" clause. However, Plaintiff makes no factual allegations against US Transportation within this count of the Complaint.

WLM_502553_2/MOLIVERE

*See Burgess v. Cahall,* 88 *F.Supp.2d* 319, 321 (D. Del. 2000) *(citing Neitzke v. Williams,*

*490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Piecknick v. Pennsylvania,*

*36 F.3d 1250, 1255 (3d Cir. 1994)).* "The Court is 'not required to accept legal

conclusions either alleged or inferred from the pleaded facts.'" *See id.* This Court may

dismiss a complaint for failure to state a claim only when it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations in the

Complaint. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct.

2229 (1984); *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

**B.     More Definitive Statement**

Alternatively, Defendants request this Court enter an order requiring a more

definite statement of the allegations in the Complaint against the Defendants. Rule 12(e)

provides in relevant part:

> If a pleading to which a responsive pleading is permitted is
> so vague or ambiguous that a party cannot reasonably be
> required to frame a responsive pleading, the party may
> move for a more definite statement before interposing a
> responsive pleading.

*See* Fed. R. Civ. P. 12(e).

**IV.    ARGUMENT**

**A.     Counts II and VI of the Complaint Must Be Dismissed Because the
Plaintiff Lacks Standing to Assert a Claim for Violation of the
Delaware Consumer Fraud Act Because There are no Allegations
of Transactions in Delaware in Which Plaintiff was a Consumer**

**1.    Plaintiff has not Alleged that it was a Consumer**

Counts II and VI allege that Defendants violated the Delaware Consumer Fraud

Act, 6 <u>Del.</u> <u>C.</u> § 2511 *et seq.* The Delaware Consumer Fraud Act ("DCFA") provides in

relevant part:

WLM_502553_2/MOLIVERE

> The Act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, *in connection with the sale, lease or advertisement of any merchandise,* whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice.

*See* 6 Del. C. § 2513(a) (emphasis added).    The DCFA provides remedies for relationships **between a consumer and a producer or seller**. *See Willis v. City of Rehoboth Beach*, 2005 WL 1953028 (De. Super.) (citing *Grand Ventures, Inc. v. Whaley,* 632 A.2d 63, 70 (Del. 1993) (stating that "the Consumer Fraud Act provides remedies for violations of the 'vertical' relationship *between a buyer (the consumer) and a producer or seller.*" (emphasis added)).

The legislative history and case law analyzing the DCFA make it abundantly clear that the act is exclusively for the protection of "consumers" and not for use by merchants, producers or sellers.  Reading the Complaint in the light most favorable to the Plaintiff, there are simply no allegations that the Plaintiff is a "consumer" for purposes of the DCFA.  Rather, Plaintiff states just the opposite and alleges that Defendants hired Plaintiff to perform services for Defendants, namely to transport freight for a commission.  Consequently, Counts II and VI must be dismissed with prejudice as Plaintiff lacks standing to assert a claim for violation of the DCFA against Defendants.

**2.    No Consumer Acts Alleged to Have Occurred in Delaware**

The DCFA was enacted to protect consumers of Delaware from **acts occurring within this state**. *See Goodrich v. E.F. Hutton Group, Inc.*, 542 A.2d 1200 (Del. Ch. 1988).  Consequently, the DCFA cannot apply where there are no allegations of a consumer transaction occurring in Delaware. *See id.* at 1203; *see also Wal-Mart Stores,*

WLM_502553_2/MOLIVERE

*Inc. v. AIG Life Insurance Co.*, 872 A.2d 611, 631 (Del. Ch. 2005). Assuming *arguendo*

that Plaintiff was a "consumer", Plaintiff's single allegation which attempts to tie the

complaint to Delaware is that Defendants allegedly contacted Plaintiff at its office in

Delaware on or about December of 2000. However, despite this, there are no allegations

that any act specifically constituting a violation of the DCFA occurred in Delaware. The

DCFA cannot apply where there are no allegations of a transaction occurring in

Delaware. *See Goodrich*, 542 A.2d at 1203.

In accordance with the facts pled by Plaintiff, there are no set of circumstances

under which the Delaware Consumer Fraud Act applies and as such, Counts II and VI

must be dismissed with prejudice as they pertain to the DCFA.

> **B.**    **Counts II and VI of the Complaint Must Be Dismissed
> Because the Plaintiff Lacks Standing to Assert a Violation
> of the Delaware Deceptive Trade Practices Act**

> **1.    No Competition Status Alleged by Plaintiff in the Complaint**

Counts II and VI additionally[2] allege that Defendants violated the Delaware

Deceptive Trade Practices Act, 6 <u>Del</u>. <u>C</u>. § 2531 *et seq.* The Delaware Deceptive Trade

Practices Act ("DDTP") provides in relevant part:

> A person engages in a deceptive trade practice when in the
> course of a business, vocation, or occupation, that person:
> (11) Makes false or misleading statements of fact
> concerning the reasons for, existence of, or amounts of,
> price reductions; or
> (12) Engages in any other conduct which similarly creates a
> likelihood of confusion or of misunderstanding.

*See* 6 <u>Del</u>. <u>C</u>. § 2532 (11) and (12).

---

[2] The Complaint confusingly combines allegations of violations of both the DCFA and DDTP in Counts II
and VI.

WLM_502553_2/MOLIVERE

To have standing to allege a violation of the DDTP, the plaintiff must be a business competitor of the defendant. *See Kester Crosse v. BCBSD, Inc.,* 836 A.2d 492 (Del. 2003) (holding that plaintiff lacked standing to bring a DDTP claim because he was a consumer and not a competitor of the defendant and therefore did not have a business interest in the alleged unlawful conduct.); *see also, Grand Ventures, Inc. v. Whaley,* 632 A.2d 63, 67 (Del. 1993) (noting that the DDTP remedies wrongs in the "horizontal relationship" among sellers and producers as opposed to the "vertical relationship" between consumers and producers, which is addressed in the Consumer Fraud Act.); *S&R Associates, L.P. v. Shell Oil Co.,* 725 A.2d 431, (Del. Super. Ct. 1998); *Ayers v. Quillen,* 2004 WL 1965866 (Del. Super.) (same). As such, the DDTP only applies to competing businesses. *See id.*

As previously discussed, Plaintiff alleges that Defendants entered into various agreements with the Plaintiff that clearly define a consumer relationship where Defendants were the consumers – Plaintiff would perform transportation services for Defendants in exchange for reimbursement by Defendants within 30 days of receipt of an invoice. Nowhere in the Complaint does the Plaintiff allege that Plaintiff and Defendants are competitors. Rather, the Complaint specifically alleges that Defendants are consumers, thereby in a "vertical relationship" with Plaintiff. Absent such specifically plead facts alleging the parties to be competitors, Plaintiff lacks standing to assert a violation of the DDTP against Defendants. As such, Counts II and VI must be dismissed as they pertain to the DDTP.

**2.    Attorney's Fees and Costs Should be Awarded to Defendants**

The Defendants request that the Court award reasonable attorneys' fees pursuant to 6 Del. C. § 2533(b), which provides in relevant part "[t]he court in exceptional cases

WLM_502553_2/MOLIVERE

may award reasonable attorneys' fees to the prevailing party." Plaintiff's clearly inappropriate claims of violations of the DDTP are not only improperly pled, but are also abusive and harassing to Defendants and resulted in Defendants incurring substantial fees and costs in preparing this motion. Consequently, in addition to dismissing Counts II and VI, this Court should award Defendants their reasonable attorneys' fees incurred in the preparation of this motion.

> **C.    The Complaint Must Be Dismissed Because Plaintiff Lacks Standing to Assert Violations of The Florida and Pennsylvania Unfair Trade Practices and Consumer Protection Laws**

As with the Delaware Consumer Fraud Act, Counts III and VII of Plaintiff's Complaint must be dismissed since Plaintiff lacks standing to assert claims under the respective Deceptive and Unfair Trade Practices Acts because Plaintiff is not a "consumer". Rather, **Defendants** are the "consumers" given the allegations in the Complaint. Furthermore, these Counts must be dismissed because Plaintiff again has failed to allege any facts sufficient to provide a basis to apply either the Florida or Pennsylvania laws.

> **1.    The Florida Act**

> **a.    No Such Florida Statute as Alleged by Plaintiff in the Complaint**

Count III of the Complaint, Paragraphs 31 and 33, allege a violation of "Florida Statute 501.2404." In fact, there does not appear to be any such Florida Statute. For this reason alone, Count III should be dismissed.

> **b.    Plaintiff has not Alleged that it was a Consumer**

Even if the Court is inclined to presume that Plaintiff is attempting to allege a violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§

WLM_502553_2/MOLIVERE

501.201 *et seq.* ("FDUTPA"), Section 501.202 of the FDUTPA provides a *consumer* a civil cause of action for the protection of "the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." *See* <u>Fla</u>. <u>Stat</u>. <u>Ann</u>. § 501.202.[3]  The purpose of the FDUTPA is to provide both equitable and legal remedies to private *consumers* who are aggrieved parties or sustained actual losses because of a violation under the FDUTPA.  *See Martinez v. Rick Case Cars, Inc.*, 278 F.Supp.2d 1371 (S.D.Fla. 2003) (emphasis added), *Urling v. Helms Exterminators, Inc.*, 468 So.2d 451 (App.1 Dist. 1985) (providing that the DFUTPA is intended to protect a consumer from unfair or deceptive acts or practices which diminish value or worth of goods or services purchased by consumer).

Furthermore, in order to state a cause of action under the FDUTPA, the *consumer* must allege sufficient facts to show that it has actually been aggrieved by the unfair or deceptive act *committed by the seller* in the course of trade or commerce.  *See Tuckish v. Pompano Motor Co.*, 337 F.Supp.2d 1313 (S.D. Fla. 2004) (emphasis added); *see also Shibata v. Lim*, 133 F.Supp.2d 1311 (M.D.Fla. 2000).

As set forth in the FDUTPA and even assuming *arguendo* the application of the FDUTPA, Plaintiff lacks standing to assert a claim.  Here, the Complaint alleges that Plaintiff and US Transportation entered into the US Transportation Agreement I for Plaintiff to perform certain services for US Transportation, namely Plaintiff agreed to transport commodities by motor vehicle for US Transport.  Nowhere is it alleged that Plaintiff contracted for goods or services to be provided or performed by US

---

[3] "Consumer" is defined in Section 501.203 as "an individual, child, by and through its parent or legal guardian; business; firm; association; joint venture; partnership; estate; trust; business trust; syndicate; fiduciary; corporation; any commercial entity, however dominated; or any other group or combination." *See* <u>Fla</u>. <u>Stat</u>. <u>Ann</u>. § 501.203(7).

WLM_502553_2/MOLIVERE

Transportation. Consequently, even viewing the facts alleged in the Complaint in favor of the Plaintiff, there is simply no allegations that Plaintiff is a "consumer" within the meaning of the FDUTPA. If any party was to be considered a "consumer" it would be the Defendants.

### c.    No Florida Acts Alleged by Plaintiff in the Complaint

Plaintiff has failed to allege a single fact as to why Florida law, and specifically the FDUTPA is applicable in this matter. Nowhere in the Complaint is there any factual allegation relating to Florida consumers or of any transaction or occurrence within the State of Florida. As such, Count III must be dismissed with prejudice.

### d.    If the Plaintiff is Found to have Standing as a Consumer, Defendants Request a Bond

Should the Court find sufficient standing for the Plaintiff to allege Florida law, pursuant to Section 501.211 of the FDUTPA, Defendants request that this Court upon further application and hearing, order the Plaintiff to post a bond in a reasonable amount to indemnify Defendants for any damages incurred, including reasonable attorneys' fees. Section 501.211 provides in relevant part:

> (3) In any action brought under this section, upon motion of the party against whom such action is filed alleging that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment, the court may, after hearing evidence as to the necessity therefore, require the party instituting the action to post a bond in the amount which the court finds reasonable to indemnify the defendant for any damages incurred, including reasonable attorney's fees.

*See* Fla. Stat. Ann. § 501.211(3). Such action is expressly provided for, and in fact is appropriate in this case, where Plaintiff's allegation in Count III is without specific factual support.

WLM_502553_2/MOLIVERE

2.    **The Pennsylvania Act**

a.    **Plaintiff has not Alleged that it was a Consumer**

Count VII (alleging a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. Stat. Ann. §§ 201-1 *et seq.* ("PUTPCTL")) must be dismissed with prejudice because the Plaintiff lacks standing to assert a claim. The PUTPCTL contemplates only those who purchase goods or services as a protected class, and not those who may receive the benefits from the purchase. *See Gemini Physical Therapy and Rehabilitation, Inc. v. State Farm Mut. Auto. Ins. Co.*, 40 F.3d 63, 65 (3rd Cir. 1994). Further, it has been specifically held that a business which was not a consumer, and did not allege that it had purchased or leased merchandise as a result of an alleged unfair trade practice, lacked standing to bring an action for violation of the PUTPCTL. *See World Wrestling Federation Tournament, Inc. v. Bog Dog Holdings, Inc.*, 280 F.Supp.2d 413, 446 (W.D.Pa. 2003).

Here, Plaintiff is simply not a consumer, and has not alleged that it purchased or leased anything from Defendants. In fact, Plaintiff's Complaint states just the opposite, alleging that Defendants contracted for Plaintiff to perform services for them. Consequently, Plaintiff does not have any standing to pursue Count VII.

b.    **No Pennsylvania Acts Alleged by Plaintiff in the Complaint**

Plaintiff has failed to allege any factual basis for this Court's consideration of Pennsylvania law. As such, this Court must dismiss Count VII of the Complaint with prejudice.

D.    **Counts I, IV and V of the Complaint Must Be Dismissed Because Plaintiff Fails to Either Attach a Copy of The Alleged Agreement or Sufficiently Describe the Agreements**

The allegations in Counts I, IV and V of the Complaint are based on breach of contract. The Delaware Supreme Court has held that breach of contract claims have specific pleading requirements:

> To survive a motion to dismiss for failure to state a breach of contract claim, the plaintiff must demonstrate: first, the existence of the contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff.

*See VLIW Technology, LLC v. Hewlett-Packard Company*, 840 A.2d 606, 612 (Del. 2003) (citations omitted).

Plaintiff alleges a breach of contract against US Transportation in Count I and IV and against all Defendants in Count V of the Complaint. However, despite Plaintiff citing to "Exhibit A" in the Complaint for Count IV, no copy of the US Transportation Agreement I alleged in Paragraph 8, no copy of the US Transportation Agreement II alleged in Paragraph 35, and no copy of the US Bulk Agreement alleged in Paragraph 42, are either attached to the Complaint, directly quoted by Plaintiff, or described with such specificity as to put Defendants on notice as to the specific agreements being referenced or whether Plaintiff is referring to one, two or three separate agreements.[4] "Federal Rule of Civil Procedure 8(a) permits a plaintiff to assert the existence of an express, written contract either by setting it forth verbatim in the complaint, or the plaintiff may 'attach a copy as an exhibit, or plead it according to its legal effect.'" *See Pierce v. Montgomery County Opportunity Board, Inc.*, 884 F.Supp. 965 (E.D. Pa. March 31, 1995) (citations omitted).

---

[4] Defendants' counsel repeatedly contacted Plaintiff's counsel requesting a copy of the document(s) cited as Exhibit A on the Complaint. However, despite numerous telephone calls and a letter sent via facsimile, Plaintiff's counsel has failed to provide Defendants with a copy of the alleged documents.

WLM_502553_2/MOLIVERE

Further, Plaintiff has failed to quote the language of these alleged agreements or plead their legal effect sufficient to plead a breach thereof. Rather, Plaintiff merely alleges in Counts I and V that "Plaintiff would transport commodities by motor vehicle between designated points" and that payment was to be made within 30 days of receipt of invoice. Plaintiff also fails to allege any facts regarding the invoices, for example, when the invoices were issued, the amount of the invoices, or how the invoices were communicated to Defendants. Similarly, with regard to the alleged breach in Count IV, Plaintiff again did not attach a copy of the agreement to the complaint or insert language verbatim from the agreement.

With regard to Count I and V, Plaintiff fails to demonstrate whether an express or implied contract existed between the parties. Regarding Count IV of the Complaint, Plaintiff fails to assert what damage resulted to Plaintiff as a result of the alleged breach. Consequently, for the above-stated reasons, the Court should dismiss Counts I, IV and V of the Complaint with prejudice.

E.      **The Defendants Are Entitled To A More Definite Statement**

Rule 12(e) allows a defendant to request clarification of an ambiguous pleading so that it may prepare a meaningful response. *See Pardo v. Nylcare Health Plans, Inc. (In re APF Co.)*, 274 B.R. 408 (Bankr. D. Del. 2001). A Rule 12(e) motion is appropriate where the complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *Id.* At 425.

The content of the US Transportation Agreement I alleged in Paragraph 8, the US Transportation Agreement II alleged in Paragraph 35, and US Bulk Agreement alleged in Paragraphs 40-42, and the circumstances surrounding these alleged agreements, is obscure or simply not pled. The Complaint, and the allegations contained therein, are

14

WLM_502553_2/MOLIVERE

unintelligible. In many cases, it is not even clear which of the Defendants was involved in an alleged agreement with the Plaintiff. It is not even clear if the Plaintiff is referencing one, two or three separate agreements.

Plaintiff's Complaint does nothing more than restate the various Acts (and its implementing regulations) and then asserts the general legal conclusion that Defendants breached the Act. Even the most minimal facts constituting the breaches such as time and place are not provided. Additionally, because the Complaint fails to attach copies of any agreements and fails to include any factual averments regarding the alleged agreements, and the alleged breaches and violations by the Defendants, the Defendants cannot determine how to respond.

Moreover, with regard to the invoices, the Complaint alleges that invoices were issued from January to April 2005. However, the Complaint does not provide any information about the invoices regarding the dates, amounts, invoice numbers, or specific goods or services involved, or whether the services occurred. Rather, Plaintiff simply states an alleged total amount due under the alleged invoices. Thus, Defendants require a more definite statement of the Plaintiff's claims in Counts I, IV and V in order to investigate any invoices identified and to thereafter formulate an appropriate response.

As for the Plaintiff's claims of violations of the Delaware, Pennsylvania and Florida consumer protection laws and deceptive trade acts (Counts II, III, VI and VII), there are no specific allegations sufficient to establish standing for the Plaintiff or to establish that Plaintiff is a "consumer" under these acts, nor are there any facts pled alleging a consumer transaction in Florida, Pennsylvania or Delaware so as to grant standing. Moreover, as discussed above, Plaintiff alleges a violation of the "Florida Statute 501.2404" in Count III, which Defendants' counsel, through diligent efforts, was

WLM_502553_2/MOLIVERE

unable to identify. For these reasons, Defendants require a more definite statement of

Plaintiff's claims in Counts II, III, VI and VII.

The Defendants cannot reasonably be expected to frame a response to the

allegations. The few factual allegations contained in the Complaint are drafted so poorly

and generally that Defendants and their counsel are left with no choice than to move for a

more definite statement.

## V.    CONCLUSION

Based on the foregoing, Defendants respectfully request this Court to:

A.    Dismiss the Complaint with prejudice; or, in the alternative,

B.    Order Plaintiff to provide a more definite statement of the breach of
      contract claims in Counts I, IV and V; and

C.    Provide a more definite statement of the basis for standing and breach for
      Counts II, III, VI and VII; and

D.    Grant such additional relief as the Court deems appropriate.


Dated: August 25, 2005                    EDWARDS & ANGELL, LLP
       Wilmington, Delaware


                                          _____
                                          Denise Seastone Kraft (Del I.D. 2778)
                                          Mark D. Olivere (Del. I.D. 4291)
                                          919 Market Street, Suite 1500
                                          Wilmington, DE 19801
                                          (302) 777-7770
                                          (302) 777-7263 (facsimile)
                                          dkraft@edwardsangell.com
                                          molivere@edwardsangell.com

WLM_502553_2/MOLIVERE