IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HABNAB TRANSPORTATION, INC. : | CIVIL ACTION NO. 1:05-cv-375 (GMS) |
| *Plaintiff,* : | |
| v. : | |
| US TRANSPORTATION SERVICES, INC. : | |
| and US BULK TRANSPORT, INC., : | |
| and/or U.S. BULK TRANSPORT IC, INC. : | |
| *Defendants.* : | |

## AMENDED COMPLAINT

Plaintiff, HabNab Transportation, Inc. (hereinafter "HabNab"), by and through its attorneys, Rawle & Henderson LLP avers as follows:

1. Plaintiff, HabNab, is a Delaware corporation organized and existing under the laws of the state of Delaware with its principal address located in Seaford, Delaware.

2. Defendant, US Transportation Services, Inc. (hereinafter "US Transportation"), is a Pennsylvania corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 205 Pennbriar Drive, in Erie, Pennsylvania.

3. Defendant, US Bulk Transport, IC Inc. (hereinafter "US Bulk"), is a Pennsylvania corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 3230 W. Lake Road, in Erie, Pennsylvania.

4. Defendant, US Bulk Transport, Inc. (hereinafter "US Bulk, Inc.") is a Pennsylvania corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 205 Pennbriar Drive, in Erie, Pennsylvania.

## COUNT I

6. At all times material hereto, HabNab, is and was a bulk carrier and broker duly licensed as a contract carrier and broker with the DOT under permit No. MC246436

7. At all material times hereto, US Transportation is and was a DOT licensed broker under permit number MC-33831B.

8. In and around December 2000, Plaintiff and US Transportation verbally agreed that US Transportation would broker shipments to Plaintiff. Plaintiff agreed to transport commodities by commercial motor vehicle between designated points or to arrange for another carrier to transport goods/commodities.

9. As part of the agreement, US Transportation agreed to pay the freight charges to the plaintiff for each shipment within 30 days from receipt of the invoice, original bill of lading and other documentation required by the aforementioned agreement.

10. As part of the ongoing relationship between the parties, representatives of US Transportation contacted the offices of Plaintiff via telephone and requested from Plaintiff that shipments to be picked up and delivered to its customers from January to April, 2005.

11. A price for each delivery was accepted by Plaintiff and US Transportation promised to pay for the freight to be transported.

12. As result of these telephone calls from January 2005 to April 2005, over 117 shipments were transported on behalf of US Transportation, broker's customers by Plaintiff. (See transaction detail attached and made part of as Exhibit "B". )

13. Invoices for these shipments from January 11, 2005 to April 14, 2005 and the required documentation was sent to US Transportation. (See attached transaction sheet with invoice numbers attached as Exhibit "B")

14. The total freight charges for the 117 shipments total $90,957.37. (See Exhibit "B")

15. US Transportation is liable to plaintiff for the agreed upon freight charges in the amount of $90,957.37.

16. Since the inception of the business relationship, US Transportation has always in the past and prior to January 2005 forwarded prompt payment to Plaintiff in Seaford, Delaware.

17. US Transportation has not paid any part of such sum.

18. Plaintiff has performed all conditions of the contract on its part to be performed for these shipments.

19. Despite repeated attempts to collect these freight charges, US Transportation has refused to make payments and has continued to refuse to make the payments.

**WHEREFORE**, the plaintiff demands judgment against US Transportation in the amount of $90,957.37, plus interests, costs, attorney fees and any other relief as the Court deems just and equitable.

## COUNT II

20. Plaintiff re-alleges the allegations in paragraphs 1 through 19 as though the same were set forth fully herein.

21. At around the same time, US Transportation and Plaintiff entered into a separate agreement whereby Plaintiff was Broker arranging for the shipment of customers' freight. (See Contract attached as Exhibit "A".)

22.     As part of this agreement, plaintiff, as broker, would contact US Transportation to deliver plaintiff's customers freight. US Transportation would arrange for the freight to be delivered.

23.     Pursuant to paragraph 11 of this agreement, US Transportation agreed not to solicit business from any of plaintiff's shippers, consignees or customers.

24.     Despite this agreement, since April 2005 US Transportation has solicited and has obtained business from plaintiff's customers, shippers and consignees.

25.     Pursuant to this contract, US Transportation agreed that if it violated paragraph 11, it would pay to plaintiff the same compensation that plaintiff would have earned absent the solicitation.

WHEREFORE, plaintiff demands judgment against US Transportation for compensatory damages, costs, reasonable attorney fees and any other relief as the court deems just and equitable.

## **COUNT IV**

26.     At all times material hereto, HabNab is and was a bulk carrier and broker duly licensed as a contract carrier and broker with the DOT under permit No. MC246436

27.     At all material times hereto, US Bulk and/or US BULK, IC is and was a DOT licensed broker.

28.     Plaintiff and US Bulk and/or US Bulk, Inc. entered into a verbal agreement for the transportation of goods of customers of US Bulk and/or US Bulk, Inc.

29.     Plaintiff agreed to transport by motor vehicle between designated points commodities for US Bulk and/or US Bulk, Inc.'s customers.

30. As part of the agreement, US Bulk and/or US Bulk, Inc. agreed to pay the freight charges to plaintiff for each shipment within 30 days from receipt of the invoice, original bill of lading and other documentation required by the agreement.

31. Between January and April 2005, as part of the ongoing relationship between the parties, representatives of US Bulk and/or US Bulk, Inc. contacted the offices of Plaintiff via telephone and requested Plaintiff to pick up and deliver freight to its customers.

32. A price for each delivery was accepted by Plaintiff and US Bulk and/or US Bulk, Inc. promised to pay for the freight to be transported.

33. As result of these telephone calls from January 2005 to April 2005, over 80 shipments were transported on behalf of US Bulk and/or US Bulk, Inc. customers by Plaintiff. (See transaction detail attached and made part of as Exhibit "B". )

34. Invoices of the shipments from January 11, 2005 to May 31, 2005 and the required documentation was sent to US Bulk and/or US Bulk, Inc.

35. The total freight charges for the shipments totaled $25, 695.45.

36. US Bulk and/or US Bulk, Inc. is liable to plaintiff for agreed upon freight charges in the amount of $25, 695.45

37. US Bulk and/or US Bulk, Inc. has not paid any part of such sum.

38. Plaintiff delivered the goods and otherwise performed all conditions on its part to be performed for these shipments.

39. Despite repeated attempts to collect these freight charges, US Bulk and/or US Bulk, Inc. has refused to make payments and has continued to refuse to make the payments.

**WHEREFORE**, plaintiff demands judgment against US Bulk and /or US Bulk Inc. in the

amount of $25,695.45, plus interests, costs, attorney fees and any other relief as the court deems just and equitable.

                                                RAWLE & HENDERSON LLP

Date:  September 2, 2005                        ___/s/ *Delia A. Clark*____
                                                            Delia Clark(3337)
                                                            300 Delaware Avenue, Suite 1015
                                                            Wilmington, DE  19809
                                                           (302) 778-1200

CERTIFICATE OF SERVICE

I, Delia A. Clark, hereby certifies that the foregoing Amended Complaint was served upon the below counsel by regular first class mail postage prepaid on this the 2nd day of September, 2005.

Denise Seastone Kraft<br>
EDWARDS & ANGELL<br>
919 N. Market st.<br>
Wilmington, DE  19801

                                                             */s/ Delia A. Clark*_____
                                                             Delia A. Clark

September 2, 2005